**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-0276-REB-OES

JO ANN CALDERON,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

    Defendant.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

This matter is before me on the following motions: 1) defendant's motion for summary judgment [#16], filed October 22, 2004; and 2) plaintiff's motion for partial summary judgment [#17], filed October 22, 2004. I find that the defendant's motion should be granted, and the plaintiff's motion should be denied.

### I.  JURISDICTION & STANDARD OF REVIEW

I have diversity jurisdiction over the plaintiffs' Complaint under 28 U.S.C. § 1332. In resolving the motions for summary judgment, I have considered the pleadings, discovery, and affidavits on file, together with the arguments advanced and authorities cited by the parties in their respective briefs. I have employed the analysis required by apposite law. *See* **Anderson v. Liberty Lobby**, *Inc.*, 477 U.S. 242, 250 (1986); **Celotex Corp. v. Catrett**, 477 U.S. 317, 325 (1986); **Matsushita Electric Industrial Co. v. Zenith Radio Corp**., 475 U.S. 574, 587 (1986); **Applied Genetics Int'l, Inc. v.**

*First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990); *Redmon v. United States*, 934 F.2d 1151,1155 (10th Cir. 1991); and *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir.1994).

## II.  FACTS

On November 20, 2002, the plaintiff, JoAnne Calderon, was hit by a car. Calderon was a pedestrian crossing a street when she was hit. The car that hit Calderson was owned by Melissa Hensley. Hensley had purchased insurance coverage for the car from defendant State Farm. Calderon was injured in the accident, and she sought coverage from State Farm under the personal injury protection (PIP) provisions of Hensley's policy. Under §10-4-707(c), C.R.S., Calderon became a State Farm insured under Hensley's policy. Hensley had selected basic PIP coverage when she applied for her State Farm policy, and State Farm paid Calderon 100 thousand dollars in PIP benefits under Hensley's policy. State Farm has refused to provide Calderon with additional coverage because State Farm says 100 thousand dollars is the limit of the PIP coverage available to Calderon under Hensley's policy.

Calderon claims that Hensley's State Farm policy must be reformed to provide Calderon with benefits that are not limited by time or dollar amount. This is so, Calderon asserts, because State Farm did not provide Hensley with an offer of additional personal injury protection (APIP) benefits in compliance with Colorado law when Hensley purchased insurance from State Farm. Colorado courts have held that an auto insurance policy is subject to reformation if the person purchasing the insurance was not offered optional APIP benefits in compliance with Colorado law. Further details concerning the offer of coverage made to Hensley, and the coverages

provided in her policy, are discussed below.

Based on State Farm's alleged failure to make a proper offer of APIP benefits, Calderon seeks reformation of Hensley's insurance policy, treble damages, exemplary damages, and attorney fees under various provisions of applicable Colorado statutes regulating auto insurance coverage and the payment of insurance claims. All of Calderon's claims hinge on Calderon's claim of entitlement to reformation of the Hensley insurance policy to include APIP benefits. If Calderon's reformation claim fails, all of her claims fail.

### III.  CALDERON'S APIP CLAIMS

Prior to its repeal, the Colorado Auto Accident Reparations Act (No-Fault Act) required auto insurers to offer optional additional personal injury protection benefits (APIP) to their customers before issuing an auto insurance policy. Colorado Auto Accident Reparations Act, part 7 of article 4 of title 10, C.R.S. (Repealed by Laws 1997, H.B.97-1209, § 8, eff. July 1, 2003) (the No-Fault Act). The particular APIP benefits that Colorado auto insurers were required to offer under the No-Fault Act were specified in §10-4-710, C.R.S., part of the No-Fault Act. Section §10-4-710, C.R.S. required that

> (2)(a) Every insurer shall offer the following enhanced benefits for inclusion in a complying policy, in addition to the basic coverages described in section 10-4-706 (basic PIP protection), at the option of the named insured:
>
> (I)  Compensation of all expenses of the type described in section 10-4-706(1)(b) [medical treatment] without dollar or time limitation; or
>
> (II) Compensation of all expenses of the type described in section 10-4-706(1)(b) [medical treatment] without dollar or time limitations and payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had

3

such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.

(b) A complying policy may provide that all benefits set forth in section 10-4-706(1)(b) to (1)(e) and in this section are subject to an aggregate limit of two hundred thousand dollars payable on account of injury to or death of any one person as a result of any one accident arising out of the use or operation of a motor vehicle.

Calderon claims State Farm did not comply with the offer requirements of §10-4-710 when it sold an auto insurance policy to Hensley. Under Colorado law, the remedy for an insurance company's failure properly to offer APIP benefits is for the court to reform the subject policy to include the APIP benefits identified in §10-4-710(2)(a), C.R.S. In other words, when an insurer fails to offer the insured APIP coverage that satisfies the No- Fault Act, "additional coverage in conformity with the offer mandated by statute will be incorporated into the policy . . . " **Brennan v. Farmers Alliance Mutual Insurance Co**., 961 P.2d 550, 554 (Colo. App. 1998). Calderon seeks reformation of Hensley's State Farm policy based on State Farm's alleged failure properly to offer APIP benefits to Hensley in conformity with the offer mandated by the No-Fault Act.

### A.  State Farm's Offer of APIP Coverage to Hensley

Hensley applied to State Farm for auto insurance on November 3, 2000. *Motion for Summary Judgment* (*MSJ*), Exhibit A (application for insurance). The substantive content of this application is not disputed by the parties. State Farm does not argue that the application contains an offer of APIP coverage in compliance with Colorado law.

More than a year before the accident involving Calderon, Sate Farm sent Hensley an Auto Renewal Notice that advised Hensley of her right to purchase APIP

coverages. These coverages are referred to in the notice as P4 and P8 coverages. *MSJ*, Exhibits B, D. The Auto Renewal Notice directed Henley to an enclosed newsletter for additional information about the optional higher APIP coverages. *MSJ*, Exhibits D, E. The parties do not dispute the content of the Auto Renewal Notice or the newsletter, and they do not dispute that Hensley received these documents. The newsletter described P8 coverage as including payments for medical and rehabilitation expenses, loss of income, essential services, and death compensation. *MSJ.*, Exhibit E, p. 1. The newsletter explained that the medical expense benefit under P8 coverage is not subject to a time limitation, and that payments up to 200 thousand dollars are included in the coverage. *Id*. P4 coverage is described as the same as P8 coverage, "except it provides *broader loss of gross income benefits.* It pays 100 percent of loss of gross income up to $125 a week, and up to 85 percent of loss of gross income over $125. This benefit is subject to the aggregate limit of $200,000." *MSJ,* (emphasis in original). In terms of the medical and wage loss coverages offered, the time limitations applicable, and the 200 thousand dollar aggregate limit on the offered APIP coverages, this offer complies with the requirements of §10-4-710, C.R.S.

<u>B.  Calderon's Claim that State Farm's Offer Was Noncompliant</u>

Calderon argues that the offer of APIP coverages in the Auto Renewal Notice and the cocomitant newsletter is not a compliant offer of coverage because "nowhere in any written explanation of coverage did State Farm inform Ms. Hensely of the availability of enhanced benefits which would include pedestrians." *Plaintiff's Motion for Partial Summary Judgment*, p. 5. Calderon argues that she is entitled to reformation of the State Farm policy "(b)ecause no offer encompassing pedestrians was made . . . ."

5

*Id.* Colorado law required that pedestrians be included among those entitled to PIP and APIP coverage. ***Brennan v. Farmers Alliance Mutual Insurance Co.***, 961 P.2d 550, 553-54 (Colo. App. 1998). Under the policy issued to Hensley, pedestrians are included expressly in the definition of the term "insured." *Plaintiff's Motion for Partial Summary Judgment*, Exhibit 3, p. 3. Under the terms of Hensley's policy, insureds, including pedestrians, are covered by PIP coverages, and any optional APIP coverages selected by the insured.

Calderon argues that two cases applying the APIP offer requirements of the No-Fault Act hold that an offer of APIP coverage must specify that pedestrians are covered by APIP coverage. I disagree. In both cases cited by Calderon auto insurance policies regulated by the No-Fault Act were subject to reformation because pedestrians expressly were excluded from APIP coverage by the relevant policies. ***Brennan v. Farmers Alliance Mutual Insurance Co.***, 961 P.2d 550, 552 (Colo. App. 1998); ***Clark v. State Farm Mut. Auto. Ins. Co.***, 292 F.Supp.2d 1252, 1254 (D. Colo. 2003). Contrastingly, in Calderon's case, the policy in question expressly includes pedestrians in PIP and APIP coverage.

The only question is whether Colorado law required that an offer of APIP coverage specifically identify pedestrians as persons entitled to APIP benefits. I find as a matter of law that §10-4-710, C.R.S., did not require State Farm to list the types of persons who were covered by PIP and APIP coverages, including pedestrians, when it offered APIP coverages to its insureds. The cases cited by Calderon do not impose a requirement that the offer of coverage list pedestrians as persons covered by APIP coverage. State Farm's offer of APIP coverage, as reflected in Exhibits D & E to State

6

Farm's motion for summary judgment, was compliant with the requirements of §10-4-710 at the time of the offer.  Thus, there is no basis for Calderon's reformation claim.

The undisputed facts in the record demonstrate that State Farm's offer of APIP coverage to Hensley complied with the requirements of Colorado law.  Viewing the undisputed facts in the record in the light most favorable to Calderon, no reasonable finder of fact could find for Calderon on her reformation claim.  State Farm is entitled to summary judgment on this claim.  In addition, each of Calderon's other claims, for treble and exemplary damages, for attorney fees, and for other relief, are dependent on her reformation claim.  Absent reformation of the Hensley policy, there is no basis for any of Calderon's other claims.  State Farm also is entitled to summary judgment on these claims.  On the same basis, the plaintiff's motion for partial summary judgment, in which she asserts entitlement to a judgment that the State Farm policy must be reformed to included APIP benefits for Calderon, must be denied.

## VI.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1) That defendant's motion for summary judgment [# 16], filed October 22, 2004, is **GRANTED** as to all claims asserted in the plaintiff's complaint;

2) That the plaintiff's motion for partial summary judgment [# 17], filed October 22, 2004, is **DENIED**;

3) That **JUDGMENT SHALL ENTER** in favor of the defendant and against the plaintiff on each of the plaintiff's claims;

4) That the defendant is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

8

    5)  That the Complaint and this case are **DISMISSED** *en toto*.

Dated September 21, 2005, at Denver, Colorado.

                                                BY THE COURT:

                                                s/ Robert E. Blackburn
                                                Robert E. Blackburn
                                                United States District Judge